# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| ASSOCIATION OF AMERICAN ) | |
|   PHYSICIANS AND SURGEONS, INC. ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
|      v. ) | Civil Action No.  1:06cv00319(ESH) |
| ) | |
| U.S. DEPARTMENT OF HEALTH AND ) | |
|   HUMAN SERVICES, et al. ) | |
| ) | |
|   Defendants. ) | |
| _____) | |

## DEFENDANTS' ANSWER

Defendants, the United States Department of Health and Human Services (DHHS) its

Secretary, Hon. Michael O. Leavitt ("the Secretary"), answer plaintiff's complaint as follows:

### FIRST DEFENSE

Defendants' actions with respect to this case were in full compliance with applicable law

and regulation.

### SECOND DEFENSE

The Complaint fails to state a claim for which relief could be granted against Secretary

Leavitt in his individual capacity.

### THIRD DEFENSE

The Complaint fails to state a claim for which relief could be granted.

### FOURTH DEFENSE

Plaintiff lacks standing to bring some or all of the claims it asserts.

**FIFTH DEFENSE**

This Court lacks subject matter jurisdiction over some or all of plaintiff's claims.

**SIXTH DEFENSE**

Defendants deny each and every allegation contained in the Complaint except as hereinafter may be expressly and specifically admitted. Defendants respond to the numbered paragraphs of plaintiff's Complaint as follows:

1.      This paragraph contains plaintiff's characterization of this action, to which no response is required; to the extent a response is required, deny.

2.      This paragraph contains plaintiff's prayer for relief, to which no response is required; to the extent a response is required, deny.

3.      The averments contained in this paragraph are definitions of terms specific to this complaint, to which no response is required; to the extent a response is required, deny.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

5.      Admit.

6.      Defendants admit the first averment contained in this paragraph. The remaining averments are characterizations of this action, to which no response is required; to the extent a response is required, deny.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the first averment contained in this paragraph. Defendants admit the second averment contained in this paragraph. Defendants deny the third averment contained in this paragraph.

8.      The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

9.      The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

10.      Defendants deny the first two averments contained in this paragraph.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the third averment contained in this paragraph.

11.      The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

12.      The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

13.      The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of

the cited document and statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

14.    The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

15.    The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

16.    The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

17.    The averment contained in this paragraph is a statement of venue, to which no response is required.

18.    The averment contained in this paragraph is a statement of jurisdiction, to which no response is required; to the extent a response is required, deny.

19.    The averment contained in this paragraph is a statement of jurisdiction, to which no response is required; to the extent a response is required, deny.

20.    This paragraph contains a conclusion of law and plaintiff's summary of a portion of its Complaint, to which no response is required; to the extent a response is required, deny.

-4-

21.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

22.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the first averment contained in this paragraph. The second averment is a conclusion of law, to which no response is required; to the extent a response is required, deny.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the first averment contained in this paragraph. The second averment is a conclusion of law, to which no response is required; to the extent a response is required, deny.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the first averment contained in this paragraph. The second averment is a conclusion of law, to which no response is required; to the extent a response is required, deny.

26.     The averment contained in this paragraph is a conclusion of law, to which no response is required; to the extent a response is required, deny.

27.     The averment contained in this paragraph is a conclusion of law, to which no response is required; to the extent a response is required, deny.

28.     Admits the existence of the cited Constitutional and statutory provisions, to which the Court is referred for a full and accurate statement of their contents. Defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of this paragraph.

29.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

30.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

31.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

32.     Defendants deny the first two averments contained in this paragraph.  The remaining averments are conclusions of law, to which no response is required; to the extent a response is required, deny.

33.     The averment contained in this paragraph is a conclusion of law, to which no response is required; to the extent a response is required, deny.

34.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

35.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

36.     The averment contained in this paragraph is a conclusion of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

37.     The first averment in this paragraph is a conclusion of law, to which no response is required; to the extent a response is required, defendants deny, and also specifically deny that the Secretary has taken any _ultra_ _vires_ actions.  The second averment contained in this paragraph is a

conclusion of law, to which no response is required; to the extent a response is required, deny. The third averment contained in this paragraph is a statement of jurisdiction, to which no response is required; to the extent a response is required, deny.

38.     The averment contained in this paragraph is a conclusion of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

39.     The averment contained in this paragraph is a conclusion of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited statutory provisions, federal rule, and advisory committee note thereto, to which the Court is referred for a full and accurate statement of their contents.

40.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

41.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

42.     Deny, except to admit the existence of the referenced document and Executive Order, to which the Court is referred for a full and accurate statement of their contents.

43.     Defendants admit the first and second averments contained in this paragraph.  As to the third averment, deny, except to admit the existence of the cited report and refer the Court to it for a full and accurate statement of its contents.

44.    Defendants admit the first and second averments contained in this paragraph. Defendants deny the third averment contained in this paragraph.  Defendants admit the fourth averment contained in this paragraph.

45.    Deny, except to admit the existence of the referenced Federal Register page to which the Court is referred for a full and accurate statement of its contents.

46.    Defendants admit the existence of the cited Charter, to which the Court is referred for a full and accurate statement of its contents.

47.    Defendants deny the first averment contained in this paragraph, and, to answer further, aver that they are not aware of any requirement to publicly promulgate guidance on advisory committees and that they have established uniform administrative guidelines and management controls for advisory committees.  Defendants deny the second averment contained in this paragraph.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.  To answer further, defendants aver that the referenced *Handbook* is on its intranet, and that the FOIA is the proper mechanism for the public to request agency records.

48.    Defendants deny, except to admit that they have scheduled AHIC meetings at DHHS headquarters on October 7, 2005; November 29, 2005; January 17, 2006; March 7, 2006; May 16, 2006; June 13, 2006; August 1, 2006; September 12, 2006; October 31, 2006, and December 5, 2006, and to aver that the first four of these meetings have taken place as scheduled.

49.    Defendants admit the first two averments contained in this paragraph.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the third

averment contained in this paragraph.  Defendants deny the fourth averment contained in this paragraph.

50.    Defendants deny the averments contained in this paragraph, except to admit that Mr. Henley also serves on the Certification Commission for Health Information Technology and that another American Academy of Family Physicians ("AAFP") official, David Kibbe, Director of AAFP's Center for Health Information Technology, was present at the second AHIC meeting on behalf of Mr. Henley.

51.    Defendants deny the averments contained in this paragraph, except to admit that Nancy Davenport-Ennis of the Patient Advocate Foundation is the representative of patients and consumers.

52.    Defendants deny the first averment contained in this paragraph, admit the second and third averments contained in this paragraph, and lack knowledge or information sufficient to admit or deny the fourth averment, except to admit that the October 7, 2005 AHIC meeting minutes were approved at the November 29, 2005 meeting.

53.    Deny.

54.    Admit.

55.    Defendants deny, except to admit that the Secretary chairs AHIC, and admit that the AHIC consists of 17 voting members, 8 of whom are federal employees.

56.    This paragraph contains conclusions of law to which no response is required; to the extent a response is required, defendants deny the first averment contained in this paragraph, and admit the second averment contained in this paragraph.

57.     Defendants deny except to admit that they announced an intent to create AHIC subcommittees chaired by AHIC members, and that DHHS has convened four such subcommittees, comprised of both AHIC members and AHIC non-members.

58.     Admit.

59.     Admit.

60.     Admit.

61.     Admit.

62.     The first averment contained in this paragraph is a statement of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited statutory provisions.  As to the remaining averments of this paragraph, admits, except to deny that the NCVHS Charter has expired and that the Charter or mission of NCVHS overlaps with the Charter or mission of AHIC.

63.     This paragraph is a characterization of a contract, to which no response is required; to the extent a response is required, deny except to admit the existence of the referenced contract, to which the Court is referred for a full and accurate statement of its contents.

64.     This paragraph is a characterization of a contract, to which no response is required; to the extent a response is required, deny except to admit the existence of the referenced contract, to which the Court is referred for a full and accurate statement of its contents.

65.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

66.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the first averment contained in this paragraph.  The remaining averments are

-10-

speculations of jurisdiction concerning a non-party to this action, to which no response is required; to the extent a response is required, deny.

67.    The averments contained in this paragraph are characterizations of plaintiff's Complaint, to which no response is required; to the extent a response is required, deny.

68.    The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

69.    The first averment contained in this paragraph is a conclusion of law, to which no response is required; to the extent a response is required, deny.  The second averment contained in this paragraph is a statement of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited Public Law provision, to which the Court is referred for a full and accurate statement of its contents.  The third averment contained in this paragraph is a conclusion of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited Public Law provision, to which the Court is referred for a full and accurate statement of its contents.

70.    This paragraph contains conclusions of law to which no response is required; to the extent a response is required, deny.

71.    This paragraph contains conclusions of law to which no response is required; to the extent a response is required, deny.

72.    The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited Public Law provisions, to which the Court is referred for a full and accurate statement of their contents.

73.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited Public Law provisions, to which the Court is referred for a full and accurate statement of their contents.

74.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited Public Law provision, to which the Court is referred for a full and accurate statement of its contents.

75.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited Public Law provision and publication, to which the Court is referred for a full and accurate statement of their contents.

76.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited Public Law provision, to which the Court is referred for a full and accurate statement of its contents.

77.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited Public Law provision, to which the Court is referred for a full and accurate statement of its contents.

78.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

79.     Defendants admit the first averment contained in this paragraph and deny the second averment contained in this paragraph.

80.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny, except to admit the existence of the cited Congressional publication and statutory provisions, to which the Court is referred for a full and accurate statement of their contents.  To answer further, defendants deny that Secretary Leavitt has frequently stated a goal to impose standards through the federal government's market power.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the first averment contained in this paragraph.  The second averment in this paragraph is a conclusion of law, to which no response is required.

82.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

83.     Defendants incorporate paragraphs 1-82, supra, as if fully set forth herein.

84.     Deny, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents..

85.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

86.     Defendants incorporate paragraphs 1-85, supra, as if fully set forth herein.

87.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

88.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

89.     Defendants incorporate paragraphs 1-88, supra, as if fully set forth herein.

90.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

91.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

92.     Defendants incorporate paragraphs 1-91, supra, as if fully set forth herein.

93.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

94.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

95.     Defendants incorporate paragraphs 1-94, supra, as if fully set forth herein.

96.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

97.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

98.     Defendants incorporate paragraphs 1-97, supra, as if fully set forth herein.

99.     The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

100.    The averments contained in this paragraph are conclusions of law, to which no response is required; to the extent a response is required, deny.

The remainder of plaintiff's Complaint constitutes plaintiff's prayer for relief, to which no response is required; to the extent a response is required, denied. Defendant specifically denies all allegations in Plaintiffs' First Amended Complaint not otherwise answered or qualified herein. In addition, Defendant denies that Plaintiff is entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

WHEREFORE, defendants respectfully request that the Court enter judgment in their favor, dismiss plaintiff's Complaint with prejudice, and award defendants their costs, expenses, attorneys' fees, and such additional relief as the Court may deem appropriate.

Dated: May 4, 2006

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Director

   /s/ Steven Y. Bressler
STEVEN Y. BRESSLER D.C. Bar # 482492
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7138
Washington, D.C.  20530
Tel.: (202) 514-4781
Fax: (202) 318-7609
Email: steven.bressler@usdoj.gov

Attorneys for Defendants